UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:22-cv-02171-CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

**I.      Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

In a six page complaint, plaintiff appears to sue the State of California, the City of Stockton, and the homeowner of a property located in Stockton. As best as the court can

understand, claim one is based on an injury to plaintiff's thumb caused from falling on City of Stockton property in 2013 or 2014. ECF No. 1 at 3. In a confusing second claim for relief, plaintiff mentions a house fire that occurred in December 2016 at a specific address in Stockton, California. Other than property damage that was sustained, the court is unable to discern any claim for relief based on the facts pertaining to the fire. In his third claim, plaintiff merely provides the case number of his pending habeas corpus challenge to his state criminal conviction. See Iseli v. People of the State of California, No. 2:22-cv-01483-TLN-EFB (E.D. Cal.).

By way of relief, plaintiff seeks "the max for all of the above and back pay and to file for incomeitancy [sic], pain and suffering,… disability and unemployment as well…." ECF No. 1 at 6.

**III.    Analysis**

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. To the extent that plaintiff names the State of California as a defendant, the Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, any putative claims against the State of California are barred by the Eleventh Amendment. At most, the first claim for relief suggests a state law negligence claim against the City of Stockton based on plaintiff's thumb injury. However, this court only has supplemental jurisdiction over state law claims once a federal claim is properly alleged. See 28 U.S.C. § 1367(c)(3) (stating that district courts "may decline to exercise supplemental jurisdiction… if… all claims over which it has original jurisdiction" have been dismissed). In this case, plaintiff's complaint states no cognizable federal claim for relief. Plaintiff's second claim for relief is against a private homeowner. However, the federal statute under which plaintiff filed suit only provides a cause of action against persons acting under color of state law. See 42 U.S.C. § 1983. Plaintiff does not assert that the homeowner was a state actor. Thus, any claim against this defendant fails. For all these reasons, the undersigned recommends dismissing

3

plaintiff's complaint for failing to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

Once the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

In this case, it appears to the court that leave to amend would be futile because the deficiencies cannot be cured. The only proper defendant in this action is the City of Stockton and the only facts suggest that plaintiff is complaining about a potential state law claim of negligence over which this court does not have jurisdiction. Therefore, the undersigned recommends that the complaint be dismissed without leave to amend. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

**IV.   Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your complaint and determined that it does not state any claim for relief against any defendant. It is recommended that your complaint be dismissed without leave to amend because there is no federal claim that you could raise based on the facts alleged in your complaint.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned your case will then review the case and

make the final decision in this matter.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. The Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that plaintiff's complaint be dismissed without leave to amend for failing to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 24, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/isel2172.F&R.docx

5